MARY ANN MILLER v. THE AMAZON INSURANCE COMPANY.

*Fire insurance—Statement of interest—Assignment without consideration.*

A fire insurance policy stipulated that it should be void if the interest of the assured were other than "the entire, unconditional, free and unencumbered ownership." The applicant for insurance had only an undivided half interest in the property, having transferred the other half to his son, who had mortgaged it to his mother, and afterward assigned it for the benefit of creditors. The applicant went to the assignee and to the mortgagee, to obtain their interests, and they told him verbally that he could have them, and upon these assurances he had the property insured. *Held* that, as no consideration appeared for the transfer of their interests, the policy was void.

Error to Bay. Submitted June 24. Decided June 29.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*Shepard & Lyon* for plaintiff in error. The equitable title to property is enough to support the statement that it

belongs to the applicant for insurance : *Kronk v. Birmingham Fire Ins. Co.* 91 Penn. St. 301; *Pelton v. Westchester Fire Ins. Co.* 77 N. Y. 605 ; *Dolliver v. St. Joseph F. & M. Ins. Co.* 128 Mass. 315 ; *Richmond v. Niagara Fire Ins. Co.* 79 N. Y. 230 ; courts abhor forfeitures where there is not fraud : *Appleton Iron Co. v. British American Assurance Co.* 46 Wis. 23.

*McDonell & Mann* for defendant in error.

GRAVES, J.　July 17, 1878, the insurance company issued a policy to James J. Miller, the plaintiff's husband, to insure for the term of one year in the sum of $650 a two-story framed building situated on leased land and standing on blocks, and not fixed to the freehold. April 27, 1879, the building was destroyed by fire and on the first of June thereafter the assured assigned his claim for the loss to his wife, the plaintiff. The company refused payment and Mrs. Miller brought this action to enforce it. The case was tried by a jury and they found for the defendant corporation.

Among other stipulations in the policy it was provided that it should be void " if the interest of the assured be any other than the entire, unconditional, free and unencumbered ownership of the property and is not so expressed in the written portion of the policy," or " if the premises hereby insured become vacated by the removal of the owner or occupant without immediate or written notice to the company and consent thereto endorsed." Nothing was inserted to qualify the scope or force of the clause concerning title or to show that the interest of the assured was any other than the entire, unconditional, free and unencumbered ownership. At the time of issuing the policy the building was occupied, but it became vacant some five days prior to the fire and so remained until it was destroyed, and no notice was given to the company.

The defence was based on the foregoing stipulations, and if the facts were such as to furnish an answer to the action under either of them no discussion of the other will be necessary. The provision in regard to title stands first and

is perhaps most important, and no one can fail to observe that it is much more sweeping and exclusive than the generality of such conditions, and the difference is so well marked that many decisions which have been made on stipulations of the same general nature can have no application.

The substantial facts respecting the state of the title at the time of insurance are not controverted. In April, 1876, the building was owned by James J. Miller, the plaintiff's husband and person assured. His nephew, James J. Miller, Jr., had been carrying on business in the building and had received pecuniary assistance through his uncle from the plaintiff. An arrangement was then made by which the plaintiff's husband, James J. Miller, Sr., transferred an undivided half of the building to his nephew, James J. Miller, Jr., and the latter gave to his aunt, the plaintiff, a mortgage on said undivided half to secure her the re-payment of the money she had advanced to him, being $500. The mortgage also covered other property and by its terms $250 were to be paid by the first day of November, 1876, and the remainder by the first day of November, 1877. It has not been foreclosed.

August 14, 1876, Miller, Jr., the nephew, made an assignment for the benefit of his creditors to Charles Newman and the undivided half of the building which he owned and which stood mortgaged to the plaintiff was included. Newman took possession. It hence appears that at this period the plaintiff's husband owned one undivided half of the property, and that the other undivided half was in Newman, the assignee, subject to the encumbrance upon it held by the plaintiff. In this state of things the plaintiff's husband applied for the insurance and the agent refused to entertain the application and gave as a reason, as the plaintiff's husband testifies, that the title "would have to be rectified," and that he would not insure the property "until I got it straightened out." The applicant then went away to get the title "straightened out" and subsequently returned and informed the agent that he had succeeded and the policy

was issued. The proceedings taken to concentrate and disencumber the title were explained by Miller on the trial in this way: He testified that he called on Newman and "got," as he expressed it, "Newman's right;" and that Newman told him that "it was not worth his while to go on;" that he then had a conversation with his wife, the plaintiff, in which he said to her that it was necessary for him to have her interest in the property to get it insured; and she replied, "All right; you can have it;" and this is substantially the plaintiff's version of the circumstances relied on to show that at the time of the insurance her husband was vested with the "*entire*, unconditional, free and *unencumbered* ownership" of the building.

There was no writing to attest any transfer or surrender on the part of Newman or to show a conveyance from the plaintiff to her husband. But it was not indispensable that there should be. For the purpose of combining in himself the entire free and unencumbered ownership it was necessary that the plaintiff's husband should get in the right and title possessed by Newman and the mortgage interest possessed by the plaintiff, and these results, although capable of being effected without writing, could not be worked out except by transactions containing the elements necessary to make them binding, and here occurs a manifest difficulty. There is a total want of consideration.

If we understand the plaintiff's husband as testifying that Newman gave up the assigned interest to him, then so far as the record discloses there was no consideration to support the arrangement and it had no force. But if Newman abandoned the property to the plaintiff as mortgagee, her interest was not increased and could not be except through purchase on foreclosure and no foreclosure has been had. The legal title must have continued in the assignee. But suppose the meaning was that the property should be applied on the mortgage, (a view hardly possible,) it seems not to have been acted on. It was not applied. There has been no recognition of anything of that kind. But whether another interest was or was not added to that held by the

plaintiff under her mortgage it was necessary that her husband should be positively vested with whatever interest she had. His description of the transaction relied upon as having legally conferred upon him that interest has been noticed, and we observe that it consisted of mere words. No mention of any consideration was made and the transaction had nothing in it to bind him as vendee or assignee or her as vendor or assignor. It follows that according to the undisputed facts, the entire, unconditional, free, and unencumbered ownership of the building was not in the assured at the time of the insurance and that the policy was therefore not enforceable against the company. The other question becomes immaterial.

The result reached below was correct and the judgment should be affirmed with costs.

The other Justices concurred.